Submitted June 3, reversed and remanded July 20, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT BRUCE ROLAND,
*Defendant-Appellant.*

Jackson County Circuit Court
14CR22473; A159100

377 P3d 695

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erica Herb, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

## PER CURIAM

Defendant appeals a judgment convicting him of two counts of assaulting a public safety officer and one count of fourth-degree assault, asserting that he did not knowingly or voluntarily waive his constitutional right to counsel provided by Article I, section 11, of the Oregon Constitution. He contends that he did not knowingly waive his right to counsel because the trial court did not adequately inform him of the risks and disadvantages of self-representation before accepting his waiver. He also asserts, given his questionable mental capacity and the court's encouragement to accept a plea agreement, that his waiver was involuntary.

The state concedes that the record does not establish that defendant knowingly waived his right to counsel, and that that concession requires reversal of the judgment of conviction. *See State v. Todd*, 264 Or App 370, 382-83, 332 P3d 887, *rev den*, 356 Or 401 (2014) (waiver of right to counsel not knowing where the trial court failed to engage in colloquy with defendant about the risks of self-representation, and the record does not otherwise establish that defendant sufficiently understood them). We accept the state's concession that the record was insufficient to establish that defendant knowingly waived his right to counsel, and reverse and remand.

Reversed and remanded.